PER CURIAM.
 

 The trustee in bankruptcy appeals from a judgment entered in the district court
 
 [1]
 
 of the Eastern District of Arkansas finding that appellee General Electric Credit Corp. (hereinafter GECC) had a security interest in a mobile home superior to that of appellant by virtue of Ark.Stat.Ann. § 85-9-306(5)(a) (Supp.1979). For the reasons discussed below, the judgment of the district court is affirmed.
 

 in 1971, Frontier Mobile Home Sales, Inc. (hereinafter Frontier or the bankrupt), entered into two agreements with GECC. The first was a financial agreement under which GECC extended credit to Frontier for the purchase of inventory; the second was an assignment to GECC by Frontier of all chattel paper arising from the sale of the inventory. Frontier sold the mobile home in question to Percy and Jean Craig. Pursuant to the second agreement, the chattel paper was assigned to GECC, which noted its lien on the certificate of title.
 
 [2]
 
 Thereafter, the Craigs defaulted. Frontier repossessed the mobile home and placed it on its lot for resale. The mobile home was still being held for sale when Frontier filed its bankruptcy petition. After Frontier’s bankruptcy petition was filed, GECC unsuccessfully filed for possession of the mobile home. Instead, the mobile home was sold and the proceeds (approximately $3,800)' held pending the resolution of this dispute.
 

 The bankruptcy court ruled that GECC’s security interest was superior to the trustee’s lien because § 85-9-306(5)(a) applied and GECC’s security interest in the inventory held for sale reattached to the mobile home upon repossession. On appeal to the district court, the trustee challenged whether the provisions of § 85-9-306(5)(a) were properly met. In particular, the trustee challenged whether any money was owed under the original financing agreement because Frontier had assigned the chattel paper to GECC. The district court affirmed the decision of the bankruptcy court and rejected the trustee’s contention. The district court held that Frontier, despite the assignment, was still obligated to GECC for any outstanding balance in the event the purchasers defaulted.
 

 For reversal the trustee raises a new contention, not presented to the bankruptcy court or the district court, that GECC forfeited or subrogated its perfected security
 
 *728
 
 interest in the inventory by acquiring a lien under the chattel paper. The trustee argues that GECC can only assert this latter interest, which, in the view of the trustee, is unperfected and thus inferior to the trustee’s lien. The trustee does not reassert before this court the argument made below that the requirements of § 85-9-306(5)(a) were not met because money was not still owing.
 

 We note initially that the trustee’s argument on appeal presupposes that GECC did not perfect its lien on the mobile home. The record reveals that GECC noted its lien on the certificate of title of the mobile home in accordance with Arkansas law. Our review of Arkansas law indicates that a notation of the lien on the certificate of title is the correct means of perfecting a security interest in the mobile home. Ark. Stat.Ann. §§ 75-102, 132.1, 160, 161 (1979). Thus, even if we accepted the trustee’s argument about which security interest GECC can claim, the trustee would not prevail because GECC has a perfected security interest superior to the trustee’s lien under either the inventory or the chattel paper approach. We do not decide the case on this basis, however, because it appears that the issue of whether GECC properly perfected its lien on the mobile home was not directly presented to or decided by the district court.
 

 There are three critical stages of time which affect the type of security interest or interests GECC has. They are (1) before the sale, (2) after the sale, and (3) after repossession. Before the sale a purchase money lender has a perfected security interest in the
 
 collateral
 
 (the mobile home), if he has duly filed. After the sale the perfected security interest of the purchase money lender continues only in the
 
 proceeds,
 
 if he consented to the sale. This is the result of § 85-9-306(2).
 
 [3]
 
 By virtue of his prior filing the purchase money lender has no perfected security interest against the collateral in the hands of the buyer. The purchase money lender, however, can acquire an after sale security interest in the collateral, if the chattel paper is assigned and, as in the present case, the lien is noted on the certificate of title. Thus, after the sale a purchase money lender can have two perfected security interests: one against the seller for the proceeds arising out of the inventory financial agreement and another against the buyer for the collateral arising out of the assignment of the chattel paper.
 

 The third stage is entered only upon default by the buyer. If the seller repossesses the property, then under § 85-9-306(5)(a)
 
 [4]
 
 the purchase money lender’s pri- or perfected security interest in the collateral reattaches and is considered as if it were in effect continuously. In other words, the perfected security interests shifts from collateral to proceeds upon the sale and back again from proceeds to collateral automatically upon repossession. The one condition of § 85-9-309(5)(a) is that
 
 *729
 
 “the goods were collateral at the time of sale, for an indebtedness of the seller which is still unpaid .... ”
 

 In the present case GECC initially had a perfected security interest in the collateral arising from the inventory financial agreement. After Frontier sold the mobile home, GECC continued to have a perfected security interest against the
 
 seller
 
 (Frontier) in the
 
 proceeds
 
 of the sale by the operation of § 85-9-306(2). GECC also acquired a perfected security interest against the
 
 buyer
 
 (the Craigs) in the
 
 collateral
 
 by virtue of the assignment of the chattel paper and the notation of the lien on the certificate of title. Thus, the trustee correctly asserts that GECC has two distinct security interests, but fails to distinguish GECC’s chattel paper security against the
 
 buyer for the collateral
 
 from its inventory security interest against the
 
 seller for the proceeds.
 
 The trustee confuses the two security interests and treats them as interchangeable. Using this erroneous characterization, the trustee argues that the chattel paper security interest supersedes the inventory security interest and that, upon repossession, GECC cannot avail itself of § 85-9-306(5)(a), but stands against the seller with only the chattel paper security interest.
 
 [5]
 
 We disagree.
 

 An analogous case strongly implies that the acquisition of an after the sale security interest in the collateral is not an abdication of the pre-existing purchase money security interest or of the benefits of § 85-9-306(5)(a). In
 
 In re Mid State Wood Products Co.,
 
 323 F.Supp. 853 (N.D.Ill.1971), a purchase money lender had a perfected security interest in the proceeds of the sale of inventory under the operation of sections 9-306(a) and 9-312(3) of the U.C.C. Subsequently, the purchase money lender acquired an assignment of future accounts to further safeguard its credit advances for the purchase of inventory. The district court held that such an action was not an abdication of the priorities under the preexisting perfected security interest. The district court viewed the assignment as supplementing and not supplanting the pre-ex-isting purchase money security interest. 323 F.Supp. at 856.
 

 We find this reasoning persuasive. GECC’s chattel paper security interest supplemented and did not supplant its inventory security interest; GECC did not abdicate or subrogate its inventory security interest to the chattel paper security interest. Not content with a security interest in the proceeds, GECC also wanted the added protection of acquiring an after the sale security interest in the collateral. Thus, under § 85-9-306(5)(a), GECC’s perfected security interest in the collateral prior to the sale reattached upon repossession and is viewed as being effective continuously, provided the condition of money still being owed is met. The district court’s reasoning that this requirement was met is sound. It reasoned that despite the assignment of the chattel paper, Frontier was still obligated to GECC for the outstanding balance on the debt in the event of the purchaser’s default.
 

 Accordingly, the judgment of the district court is affirmed.
 

 [1]
 

 . The Honorable William R. Overton, United States District Judge for the Eastern District of Arkansas.
 

 [2]
 

 . The original mobile home was destroyed by a tornado. With the insurance proceeds a replacement was purchased. The replacement was substituted for the original on all financial agreements, including the notation of GECC’s lien on the new title. Thus the substitution does not affect the outcome of this case.
 

 [3]
 

 . Ark.Stat.Ann. § 85-9-306(2) (Supp.1979) provides:
 

 (2) Except where this Article (chapter) otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor. A security interest in farm products shall not be considered waived nor shall authority sell, exchange, or otherwise dispose of farm products be implied or otherwise result from any course of dealing between the parties or by any trade usage.
 

 [4]
 

 . Ark.Stat.Ann. § 85-9-306(5)(a) (Supp.1979) provides:
 

 (5) If a sale of goods results in an account or chattel paper which is transferred by the seller to a secured party, and if the goods are returned to or are repossessed by the seller or the secured party, the following rules determine priorities:
 

 (a) If the goods were collateral at the time of sale, for an indebtedness of the seller which is still unpaid, the original security interest attaches again to the goods and continues as a perfected security interest if it was perfected at the time when the goods were sold. If the security interest was originally perfected by a filing which is still effective, nothing further is required to continue the perfected status; in any other case, the secured party must take possession of the returned or repossessed goods or must file.
 

 [5]
 

 . Although not considering this exact argument, the comments to the Arkansas U.C.C. oppose the trustee’s position:
 

 4. Subsection (5) states rules to determine priorities when collateral which has been sold is returned to the debtor: for example goods returned to a department store by a dissatisfied customer. The most typical problems involve sale and return of inventory, but the subsection can also apply to equipment. Under the rule of
 
 Benedict v. Ratner,
 
 failure to segregate such returned goods sometimes led to invalidation of the entire security arrangement. This Article rejects the
 
 Benedict v. Ratner
 
 line of cases (see Section 9-205 and Comment). Subsection (5)(a) of this Section reinforces the rule of Section 9-205: as between secured party and debtor (and debtor’s trustee in bankruptcy) the original security interest continues on the returned goods. Whether or not the security interest in the returned goods is perfected depends upon factors stated in the text.
 

 Ark.Stat.Ann. § 85-9-306(5)(a), comment 4 (1961).